United States District Court
Southern District of Texas
**ENTERED**
June 19, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENSORCIA METALS CORPORATION, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-1052 |
| | § | |
| ALGER ALTERNATIVE ENERGY, LLC, *ET AL.*, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendant Alger Alternative Energy LLC's (AAE's) Motion to Dismiss pursuant to Federal Rule 12(b)(1) for lack of jurisdiction (Dkt. 7).[1] Plaintiff does not oppose dismissal for lack of diversity jurisdiction,[2] but objects to AAE's request for fees and costs of $2,000.00 pursuant to 28 U.S.C. § 1919. (Dkt. 13). Having considered the motion and the law, the court recommends that AAE's motion to dismiss without prejudice for lack of subject matter jurisdiction be granted, and request for fees and costs be denied.

Ensorcia Metals filed this lawsuit against AAE on April 3, 2018, alleging diversity jurisdiction. At that time, a lawsuit filed by AAE against Ensorcia was pending in state court in El Paso, Texas. Ensorcia removed the El Paso lawsuit to United States District Court for the Western District of Texas on April 10, 2018. United States District Judge Kathleen Cordone immediately ordered the parties to identify every member of the defendant LLCs in order to assure the court of its subject matter jurisdiction. Dkt. 7 at 32-33. On April 17, 2018, Ensorcia filed a notice in the Western District of Texas conceding "diversity jurisdiction is negated by the

---

[1] The district court has referred this matter to this magistrate judge for report and recommendation. Dkt. 11.
[2] The citizenship of limited liability companies, for diversity jurisdiction purposes, is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 107, 1080 (5th Cir. 2008). Ensorcia acknowledges that Don Minton, a member of AAE, is a resident of El Paso, Texas.

fact that a member of AAE, Don Minton, is a resident of the state of Texas, and Ensorcia's principal place of business is in Texas." Dkt. 7 at 34.

28 U.S.C. §1919 permits district courts to order the payment of "just costs" when an action or suit is dismissed for want of jurisdiction. Such an award is not required, it is purely permissive. *Religious Tech. Ctr. v. Liebreich*, 98 Fed. App'x 979, 986–87 (5th Cir. 2004). "The determination of whether taxing a cost is 'just' lies within the discretion of the district court." *TSquare Apts LLC v. AMLI/BPMT Towne Square P'ship*, No. CV H-16-0873, 2017 WL 2364396, at *1 (S.D. Tex. May 30, 2017).

Given that this lawsuit was filed *before* Ensorcia conceded the lack of diversity jurisdiction in the Western District of Texas, the court accepts counsel's representation that "Plaintiff learned after filing this action that one member of defendant Alger Alternative Energy LLC resides" in Texas. Dkt. 13 at 1. While it would have been the better practice for Ensorcia to dismiss this action voluntarily, or at least to inform AAE that it did not oppose the motion pre-filing, the court does not find an award of fees and costs in the amount of $2,000 to be just under 28 U.S.C. § 1919. The motion was short and based on easily gathered evidentiary support. Further, AAE represents it "has incurred reasonable and necessary attorney's fees and costs in an amount equal to or greater than $2,000.00" but does not segregate fees and costs. Dkt. 7 at 43. Section 1919 does not authorize an award of fees, *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. 1981), and AAE cites no other basis for such an award. *See also Dixon v. Freese,* No. 3:13CV236-LG-JMR, 2015 WL 11004958, at *2 n.2 (S.D. Miss. Jan. 13, 2015) ("attorneys' fees are not included in the costs contemplated under § 1919" (citing *Wilkinson*, 655 F.2d at 49)).

For the reasons stated above, the court recommends that AAE's motion to dismiss this case without prejudice (Dkt. 7) be **GRANTED**, and its request for fees and costs be **DENIED.**

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on June 19, 2018, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge